ANNIE COWAN, Respondent, *v.* THE NEW YORK CALEDONIAN CLUB, Appellant.

*Club — an announcement of a vote, subsequently acted on by the club, is presumptively correct —funeral benefit — a reasonable by-law as to member in arrears.*

Where the rules and regulations of a club provide that they shall not be changed except upon a three-fourths vote of the members present, the announcement that a motion to amend such rules was adopted by a vote of forty-six to four, coupled with the fact that the amendment is acted upon by the club, creates a presumption, in the absence of proof to the contrary, that all the members present participated in the vote.

A member of the club in arrears for non-payment of dues, and subject to have his name erased from the roll unless he can make an excuse satisfactory to two-thirds of the members present at the next regular meeting, is not a member in good standing.

A rule of the club that a funeral benefit established by it, from which it derives no pecuniary benefit, shall not be paid to the relatives or friends of a member in arrear for a year's dues, is reasonable.

APPEAL by the defendant, The New York Caledonian Club, from a judgment of the Municipal Court of the city of New York, held in and for the borough of the Bronx, in favor of the plaintiff.

*James C. McEachen*, for the appellant.

*Timothy Powers* for the respondent.

HATCH, J.:

The action was brought to recover the amount of a funeral benefit, provided by the constitution and by-laws of the defendant.

Article XXIV of the defendant's rules and regulations provided that " on the death of a member in good standing for one year, the sum of fifty dollars shall be paid to his relatives or friends having charge of the funeral arrangements, to assist in defraying the expenses of the same." By article XVII it is provided that " Any member indebted for dues for one year shall be held to be in arrears." By an article adopted March 6, 1894, to section 3 of this article it was provided that " No member who is in arrears shall be allowed to hold office. * * * . Nor shall the funeral allowance of $50 be paid to his relatives or friends in case of death."

It appeared that Angus Cowan, the member on account of whose death the benefit is claimed, was in arrears within the terms of the regulations of the defendant at the time of his death, and had been for more than a year prior thereto. If these rules and regulations were in force at the time of Cowan's death, then it seems clear that no liability existed upon the part of the defendant to pay the funeral benefit. By article XLVIII of the rules and regulations it is provided that the rules and regulations shall not be repealed, annulled, altered, amended or suspended, unless a proposal in writing be presented to the club, at least one month previous to action being taken thereon, when, if three-fourths of the members present vote in favor of the motion, it shall be adopted. The vote was to be by show of hands, unless three members called for a ballot; and however the vote was taken, a record of the members voting was required to be kept. It appeared that the proposal to amend section 3 of article XVII was properly proposed and voted upon at a regular meeting; that the amendment was adopted by a vote of forty-six for to four against, and was immediately declared adopted by the presiding officer. It did not appear that the number voting for the amendment constituted three-fourths of the members present at this meeting, as is required by article XLVIII. In the absence of proof showing the contrary, we think it must be assumed that all the members present participated in the vote, especially as the amendment was declared adopted and has been acted upon by the society since. (Lawson Presump. Ev. [2d ed.], rules 13, 14, pp. 60–81.) Aside from those considerations, as Cowan was in arrears for dues he was not in good standing, as he was then subject to have his

name erased unless he could make excuse satisfactory to two-thirds of the members present at the next regular meeting after the penalty had been incurred. By the terms of the article providing for the funeral benefit, before the same was amended, it was required that the member should have been in good standing at death. It cannot be said that a member is in good standing when it is necessary, to prevent his name being erased from the roll of membership, that he shall be able to satisfy two-thirds of his brethren assembled at a regular meeting that his excuse for being in arrears is sufficient to call for the remission of the penalty. These rules are in all respects reasonable and fair when we consider the character of the organization and the purpose of its existence. In respect to the funeral benefit, the scheme of the society is purely charitable, from which it derives no pecuniary benefit. It is in no sense an insurance society and cannot be made subject to the rules of such organizations.

It follows that the judgment should be reversed and a new trial granted.

All concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.